NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRIAN E. FINANDER; MARLENE R.
FINANDER,

Plaintiffs-Appellants,

v.

COUNTY OF RIVERSIDE; et al.,

Defendants-Appellees.

No. 20-55856

D.C. No. 5:20-cv-00449-JVS-GJS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted July 19, 2021[**]

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Brian E. Finander and Marlene R. Finander appeal pro se from the district

court's judgment dismissing their 42 U.S.C. § 1983 action alleging federal and

state law claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo a dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

*Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011).

We affirm.

The district court properly dismissed plaintiffs' claims against the Superior Court of California, County of Riverside, as barred by the Eleventh Amendment. *See Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987), *superseded by statute on other grounds* (a suit against a California superior court is a suit against the state, which is barred by Eleventh Amendment immunity).

The district court properly dismissed plaintiffs' claim against the County of Riverside because plaintiffs failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

20-55856